HARRIET E. HANKLA, Plaintiff-Appellant, *v.* BURGER CHEF SYSTEMS, INC., Defendant-Appellee.

Fourth District    No. 16642

Opinion filed March 2, 1981.

Wiseman, Shaikewitz, McGivern & Wahl, P. C., of Alton, for appellant.

Gorden R. Broom and David A. Bloch, both of Burroughs, Simpson, Wilson, Hepler, Broom & McCarthy, of Edwardsville, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiff, Harriet E. Hankla, filed suit in the circuit court of Jersey County against defendant, Burger Chef Systems, Inc., for injuries she sustained on December 4, 1977, from a fall on defendant's snow covered parking lot. The evidence was undisputed that plaintiff's fall resulted from slipping off a curb of a sidewalk which surrounded defendant's building, and which was raised above the parking lot in such a way as to create a step which a snowfall hid from view. The parties were in agreement that: (1) there were no unnatural obstacles on the sidewalk from which plaintiff fell; (2) it was snowing heavily at the time of plaintiff's fall; (3) the accumulated snowfall was natural, undisturbed, and unaltered; and (4) defendant had made no effort to remove it. On the basis of this evidence the court found there was no genuine dispute as to any material fact and entered summary judgment for defendant. Plaintiff appeals.

■■ ■ Although some jurisdictions have increased the liability of landowners (see *Dawson v. Payless for Drugs* (1967), 248 Ore. 334, 433 P.2d 1019) the clear majority rule in this country is that an owner is not liable for injuries which result from natural accumulations of ice and snow. (62 Am. Jur. 2d *Premises Liability* §272 (1972).) The majority rule is well established in Illinois; and the owner of the premises is under no duty to remove a natural accumulation of ice and snow even though he is or should be aware that the accumulation itself is hazardous. (*Bakeman v. Sears, Roebuck & Co.* (1974), 16 Ill. App. 3d 1065, 307 N.E.2d 449; *Greenwood v. Leu* (1973), 14 Ill. App. 3d 11, 302 N.E.2d 359.) In

*Greenwood*, the plaintiff also slipped and fell when stepping from an area covered by a natural accumulation of ice and snow in front of the defendant's store to a public sidewalk which was some two inches lower. The court noted that the plaintiff did not slip on "any raised or foreign object." 14 Ill. App. 3d 11, 13, 302 N.E.2d 359, 361.

■■ Illinois courts have imposed liability for falls sustained in parking lots only in those cases where the condition of the lot has been unnatural, such as where the lot is rough and bumpy (*Geraghty v. Burr Oak Lanes, Inc.* (1955), 5 Ill. 2d 153, 125 N.E.2d 47), or where the slope of the parking lot causes unnatural accumulations. (*McCann v. Bethesda Hospital* (1979), 80 Ill. App. 3d 544, 400 N.E.2d 16; *Stroyeck v. A. E. Staley Manufacturing Co.* (1960), 26 Ill. App. 2d 76, 167 N.E.2d 689.) The parties have not cited, nor have we found, an Illinois court which has detailed the differences between natural and unnatural accumulations. However, the foregoing cases clearly imply that a natural surface is one that is relatively smooth and level, as one would expect in an ordinary parking lot.

■■ Although we can understand the possible danger which snow cover creates when adjoining surfaces create a slight step or curb, such as occurred here, we are not prepared to impose a duty on the landowner to keep all such areas clear. For indeed if this court were to impose such a duty this exception would be so large as to emasculate the general rule of nonliability for natural accumulations. For the reasons stated, we affirm.

Affirmed.

TRAPP, P. J., and MILLS, J., concur.