ROBERT DOYLE, Plaintiff-Appellant, *v.* DR. RONALD SHLENSKY *et al.*,
Defendants-Appellees.

First District (5th Division)   No. 82—951

Opinion filed December 30, 1983.

L. Louis Karton, Ltd., of Chicago, for appellant.

French & Rogers, of Chicago (Michael C. Kominiarek, of counsel), for appellee Ronald Shlensky.

Larry M. Wolfson and Benjamin S. Wolf, both of Jenner & Block, of Chicago, for appellees J. Stephen Walker and Marshall Auerbach.

JUSTICE MEJDA delivered the opinion of the court:

Plaintiff Robert Doyle appeals from the order dismissing count I of the amended complaint and from the order dismissing counts II, III, IV and V of the "Second Amendment to the Complaint." Plaintiff raises two issues on appeal: (1) whether the court erred in dismissing each of the counts of the second amendment to the complaint as substantially insufficient as a matter of law; and (2) whether the court erred in holding that the claims against defendant attorneys Walker and Auerbach were released by the divorce judgment. We affirm.

In 1974, defendant Dorothy Doyle, represented by defendants Marshall J. Auerbach and J. Stephen Walker, filed a complaint for divorce against plaintiff Robert Doyle, who thereafter counterclaimed for divorce. In the course of the divorce proceeding, the court entered an order pursuant to Supreme Court Rule 215 (73 Ill. 2d R. 215) directing both Mr. and Mrs. Doyle to be examined by defendant Dr. Robert Shlensky, a psychiatrist, and ordering that the expense of the examination be paid with funds from a specified bank account. Robert Doyle was awarded a "Judgment for Divorce" by order approved by both parties and entered on June 22, 1976. The judgment order, which contained a general release of claims of each party against the other party and the agents and servants thereof, was never appealed.

Plaintiff initiated this action in February 1979 by filing a single-count complaint for breach of contract against defendant Dr. Shlensky in which he sought to recover the fees he had been ordered to pay Dr. Shlensky for the court-ordered psychiatric examination. Subsequent amendments added as defendants plaintiff's ex-wife, Dorothy Doyle,

and her attorneys, J. Stephen Walker and Marshall Auerbach. Plaintiff's fourth pleading, denominated "Second Amendment to the Complaint at Law," consists of counts II, III, IV and V. In count II, plaintiff charged Walker, Auerbach and Shlensky with legal and medical malpractice, respectively, for their actions in the divorce proceeding. In count III plaintiff alleges that the conduct of Walker constitutes malicious use and abuse of judicial process. Plaintiff alleges in count IV that actions taken by Dorothy Doyle, Walker and Auerbach as part of the divorce proceeding constitute malicious prosecution. In count V plaintiff in the alternative charges defendant Shlensky with breach of contract and charges defendants Walker and Auerbach with interference with contract. In each count, plaintiff seeks substantial compensatory and punitive damages. Upon defendants' motions, the trial court dismissed counts II, III, IV and V by order entered December 4, 1980.

Plaintiff's initial appeal of the December 4, 1980, order was dismissed by this court because the order was not appealable in that count I remained pending and no express finding as required under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)) had been entered. (*Doyle v. Shlensky* (1982), 103 Ill. App. 3d 1199 (Rule 23 Order).) Thereafter, the trial court on March 23, 1982, entered an order dismissing count I. Plaintiff now appeals the December 4, 1980, order and the March 23, 1982, order.

OPINION

I

The first issue raised is whether the court erred in dismissing each of the counts of the "Second Amendment to the Complaint" as substantially insufficient as a matter of law.

Initially, defendants Walker and Auerbach contend that plaintiff's complaint is repetitive, conclusory and incoherent and that it is not a "plain and concise statement" as required by section 33 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 33), now codified as section 2—603 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—603). Defendants argue that these violations alone support the trial court's dismissal of plaintiff's amended complaint. In determining the sufficiency of a pleading we must, however, obey the statutory mandate: "Pleadings shall be liberally construed with a view to doing substantial justice between the parties." (Ill. Rev. Stat. 1981, ch. 110, par. 33.) Our review will, therefore, include an examination of each count of the complaint.

Plaintiff contends generally that the court erred in dismissing the complaint and maintains that each count of his amended pleading sufficiently states a cause of action.

Illinois is a fact-pleading State. This means that although pleadings are to be liberally construed and formal or technical allegations are not necessary, a complaint must contain those "substantial averments of fact necessary to state a cause of action." (*Fanning v. LeMay* (1967), 38 Ill. 2d 209, 211, 230 N.E.2d 182; Ill. Rev. Stat. 1981, ch. 110, par. 31, now codified as Ill. Rev. Stat. 1981, ch. 110, par. 2–601.) To state a cause of action a complaint must be both legally and factually sufficient; it must set forth a legally recognized claim as its basis for recovery and must plead facts which bring the claim within the legally recognized cause of action alleged. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 430 N.E.2d 1005.) Failure to meet both requirements mandates dismissal of the complaint. (*People ex rel. Fahner.*) When examining the legal sufficiency of a complaint, a court must assume the truth of "all facts properly pleaded" (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 96, 187 N.E.2d 722), but it must ignore "conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest" (*Pierce v. Carpentier* (1960), 20 Ill. 2d 526, 531, 169 N.E.2d 747). A cause of action should not be dismissed on the pleadings unless it is clear that plaintiff can prove no set of facts which will entitle him to recover. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) Guided by these general principles, we will now address plaintiff's contentions.

*Count II*: In substance, plaintiff alleges in count II that defendants Shlensky, Walker and Auerbach are guilty of medical and legal malpractice, respectively, stemming from alleged violations of Illinois statutes and medical and legal canons of ethics pertaining to his psychiatric examination conducted pursuant to court order.

First considering the allegations against defendants Walker and Auerbach, said defendants argue, *inter alia*, that count II contains no factual allegations sufficient to state a cause of action and, moreover, that an action for malpractice can be brought only by a client. They conclude, therefore, that count II was properly dismissed by the trial court.

The traditional rule in Illinois has been that "an attorney owes a professional duty only to his client. In the absence of a duty to a third-person, nonclient, no cause of action based on negligent performance of professional services can exist." (*Favata v. Rosenberg*

(1982), 106 Ill. App. 3d 572, 573-74, 436 N.E.2d 49.) Recently, however, the supreme court stated that "privity is not an indispensable prerequisite to establishing a duty of care between a nonclient and an attorney in a suit for legal malpractice" and thereby extended a lawyer's responsibility to certain third parties. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 19, 440 N.E.2d 96.) *Pelham* did not extend a lawyer's liability to an unlimited number of potential plaintiffs, however, but limited the scope of duty owed by an attorney to nonclients by stating that to establish such a duty the nonclient must allege and prove that the primary purpose and intent of the attorney-client relationship itself was to benefit the nonclient third party.

In *Pelham* the plaintiffs were the children of Loretta and George Ray. The complaint for legal malpractice alleged that the defendant attorney, retained to represent Loretta in a dissolution of marriage action against George, owed to plaintiffs the duty to exercise a reasonable degree of professional care and skill as an attorney in seeing that plaintiffs became the prime beneficiaries of George's life insurance policies in accordance with the terms of the divorce decree. Applying the "intent to directly benefit" test, the *Pelham* court found that the defendant attorney was hired primarily for the purpose of obtaining a divorce, property settlement and custody of the minor children for Loretta, not to represent her children's interests. The court concluded that under the facts as pleaded no duty in negligence was owed by the defendant attorney to his client's children and, therefore, no cause of action for legal malpractice was stated.

■ Although *Pelham* expanded an attorney's scope of liability to nonclients, it did not extend such liability to the situation presented in the instant case. The *Pelham* court stated: "Dissolution [of marriage] proceedings are, for the most part, adversarial in nature. To conclude that an attorney representing one of the spouses also owes a legal duty to the children of the two litigants would clearly create conflict-of-interest situations." (92 Ill. 2d 13, 23.) In the instant case plaintiff makes no allegation of an attorney-client relationship with defendant attorneys but urges that defendants Walker and Auerbach owed a legal duty to him while acting as opposing counsel in the dissolution proceedings. Such an extension of liability clearly was not contemplated by *Pelham*. Because no attorney-client relationship existed between plaintiff and either of the attorney defendants and no duty is owed to plaintiff under *Pelham*, count II fails to state a cause of action against defendant attorneys. We are, therefore, unable to find that the trial court erred in holding that count II is insufficient as a matter of law as against defendants Walker and Auerbach.

■ Plaintiff urges that defendant attorneys acted improperly in obtaining the court order requiring him to submit to a psychiatric examination and, further, that the order was improperly obtained in that no evidence was presented in the dissolution proceeding to place his mental condition at issue. The instant record shows, however, that plaintiff, by his attorney, made no objection in the divorce action regarding the psychiatric examination and that plaintiff's attorney appears to have prepared the order for such examination. Consequently, this issue has there been waived for purposes of appeal. (See *Marcus v. Marcus* (1974), 24 Ill. App. 3d 401, 406, 320 N.E.2d 581.) Moreover, the "Judgment for Divorce" order is not before us on appeal and we, therefore, may not consider allegations of error arising from that proceeding.

Count II also raises a claim of medical malpractice against defendant Dr. Shlensky arising out of Dr. Shlensky's actions regarding the court-ordered psychiatric examination. Dr. Shlensky argues here that the trial court correctly found count II insufficient as a matter of law because the psychiatric examination was performed pursuant to court order and in accordance with the provisions of Rule 215; the physician-patient privilege does not apply to an examination by a court-appointed physician; plaintiff did not object to the appointment of a psychiatrist and he, therefore, cannot now argue its propriety; and this action is barred by the doctrine of quasi-judicial immunity.

■ The elements necessary to establish medical malpractice are the same as in any negligence action. The plaintiff must prove that defendant owed him a duty, which was breached or not performed, proximately causing injury, resulting in damages. (*Spike v. Sellett* (1981), 102 Ill. App. 3d 270, 430 N.E.2d 597.) The gist of the instant allegation of medical malpractice appears to be a violation of the statutory physician-patient privilege. (Ill. Rev. Stat. 1981, ch. 51, par. 5.1.) Plaintiff himself cites to *People v. English* (1964), 31 Ill. 2d 301, 201 N.E.2d 455, which holds that the statutory privilege does not apply where an examination is conducted pursuant to court order. Plaintiff alleges in count II that the court entered an order directing both parties to arrange to appear before Dr. Shlensky in accordance with Rule 215 and we conclude, therefore, that as the examination was conducted pursuant to court order, the statutory physician-patient privilege is inapplicable.

Nevertheless, plaintiff asserts that the exception to the statutory physician-patient privilege for examinations conducted pursuant to court order is inapplicable where the court's order is improperly obtained. To find merit in such contention would attach to each physi-

cian acting under court order the burden of ascertaining whether the order was obtained in full compliance with all procedural requirements. (See *Bartlett v. Weimer* (7th Cir. 1959), 268 F.2d 860, 862, *cert. denied* (1960), 361 U.S. 938, 4 L. Ed. 2d 358, 80 S. Ct. 380.) Clearly, this would produce an undesirable result. Furthermore, as stated above, we may not here consider allegations of error arising from the dissolution proceeding as that cause is not before us. We therefore are unable to find that the trial court erred in holding count II insufficient as a matter of law as to defendant Dr. Shlensky.

Plaintiff alleges in count II that the actions of defendants "were commenced and prosecuted negligently, fraudulently, and without probable cause, and violated the plaintiff's rights of privacy and his civil rights." A complaint fails to state a cause of action when it omits facts, the existence of which is necessary for plaintiff to recover. (*Fanning v. LeMay* (1967), 38 Ill. 2d 209, 212, 230 N.E.2d 182.) A complaint which fails to state a cause of action may not be cured by liberal construction or by argument. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 427, 430 N.E.2d 976; *People ex rel. Kucharski v. Loop Mortgage Co.* (1969), 43 Ill. 2d 150, 152, 251 N.E.2d 211.) The above allegations are mere conclusions of law which are unsupported by specific facts and, therefore, do not state a cause of action.

For all of the above reasons, we are unable to find that the trial court erred in holding count II insufficient as a matter of law.

*Count III*: Plaintiff next argues that count III alleges the necessary elements of malicious use and abuse of process and that the trial court erred in holding that count insufficient as a matter of law. Defendant Walker, against whom the allegations are made, argues, *inter alia*, that plaintiff's claim of malicious use and abuse of process is based entirely on conclusory allegations unsupported by specific and essential facts and, accordingly, there was no error in its dismissal.

Although plaintiff, in his brief, states that count III alleges malicious use and abuse of judicial process and not malicious prosecution, malicious use of process is another name for malicious prosecution (*Ammons v. Jet Credit Sales, Inc.* (1962), 34 Ill. App. 2d 456, 461, 181 N.E.2d 601); accordingly, the sufficiency of the allegations as to both torts will be considered.

Count III realleges the violations of statues and canons of ethics of count II and further alleges in pertinent part as follows:

"16. Defendant, WALKER, stated to Plaintiff that he would transmit the contents of Defendant, SHLENSKY'S, report to Plaintiff's employer and would use said contents in an endeavor to have Plaintiff discharged from his employment, unless Plain-

tiff agreed to accept a property settlement and the entry of Decree of Divorce, pursuant thereto, which was unfair and unjust to Plaintiff.

17. Defendant, WALKER'S, threats and attempts to intimidate and coerce Plaintiff were made fraudulently, maliciously and willfully with intent to force him into signing an unfair property settlement. Said action violated his duty to conduct himself in accordance with Professional Ethics and constituted malicious use and abuse of judicial process."

The elements of malicious use of process or malicious prosecution are the institution of a civil suit by the defendant; the termination of the civil suit in favor of the plaintiff; the absence of probable cause for the filing of the civil suit; malice on the part of the defendant in filing the civil suit; and special injury to the plaintiff resulting from the suit. (*Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 1038, 365 N.E.2d 1191.) Without discussing the sufficiency of plaintiff's allegations regarding each element of the tort, we note that plaintiff failed to allege facts regarding the absence of probable cause for the filing of the divorce action and the malice of the defendant. Plaintiff's statements that defendant Walker acted maliciously and without probable cause are mere conclusions of law, unsupported by specific facts. Standing alone, such statements are insufficient to establish malice and want of probable cause. (See *Sutton v. Hofeld* (1983), 118 Ill. App. 3d 65.) Count III, therefore, fails to state a cause of action for malicious use of process.

Plaintiff also asserts that count III contains a sufficient statement of a cause of action for abuse of process and that dismissal of count III was, therefore, error. Defendant contends that count III describes no facts which could conceivably be construed as abuse of *process* as that term has been defined and, therefore, the allegation of abuse of process was insufficient.

"Abuse of process (or malicious abuse of process) is the misuse of proper process to effect an object not within its proper scope. It differs from malicious use of process in that the latter is the starting of process without probable cause, a prosecution upon a demand or accusation that has no foundation in fact. [Citation.] The mere institution of a proceeding, even with a malicious motive, does not constitute an abuse of process." (*Ammons v. Jet Credit Sales, Inc.* (1962), 34 Ill. App. 2d 456, 462, 181 N.E.2d 601.) An action for abuse of process lies for the improper use of process after it has been issued. *Alberto-Culver Co. v. Andrea Dumon, Inc.* (N.D. Ill. 1969), 295 F. Supp. 1155, 1160.

■ Two elements are necessary to plead a cause of action for abuse of process: (1) the existence of an ulterior purpose or motive for the use of regular court process, and (2) an act in the use of the process not proper in the regular prosecution of the proceeding. (*Bonney v. King* (1903), 201 Ill. 47, 51, 66 N.E. 377; *Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 967, 282 N.E.2d 452.) Specifically, the defendant must have intended to use the action to accomplish some result which could not be accomplished through the suit itself. *Kurek v. Kavanagh, Scully, Sudow, White & Frederick* (1977), 50 Ill. App. 3d 1033, 1038, 365 N.E.2d 1191.

■ The test for sufficiency of the allegations pertaining to the second element is whether process has been used to accomplish some result which is beyond the purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally be compelled to do. (*Cartwright v. Wexler, Wexler & Heller, Ltd.* (1977), 53 Ill. App. 3d 983, 369 N.E.2d 185.) "Process" is defined as "any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property." (*Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 968, 282 N.E.2d 452.) Process is issued by the court, under its official seal and must be distinguished from pleadings, which are created and filed by the litigants. (*Holiday Magic, Inc.*) In the instant case, count III alleges that defendant Walker threatened disclosure to plaintiff's employer of the report of plaintiff's psychiatric examination unless he accepted the property settlement and divorce decree. Even assuming the truth of plaintiff's allegations for the purpose of the motion to dismiss, count III alleges no misuse of the court's process. The psychiatric report, even though obtained pursuant to court order, was not issued by the court and cannot be considered a process of the court. Plaintiff makes no allegation of an improper use of the court order, itself, nor does he allege that the divorce action was filed for any ulterior purpose. Count III fails to state a cause of action for abuse of process. It follows that there was no error in its dismissal.

*Count IV*: Plaintiff next argues that count IV sufficiently alleges the elements of malicious prosecution and, therefore, the court erred in finding that count insufficient as a matter of law.

Defendants Walker and Auerbach contend that count IV is insufficient in that it does not contain certain elements essential to a claim for malicious prosecution, specifically, an allegation that the prior proceeding terminated in plaintiff's favor and an allegation of special injury, and, moreover, that said count contains no factual allegations to support the legal conclusions therein. Defendants conclude that the

court's finding as to count III was, therefore, proper. Upon careful examination of plaintiff's allegations, we agree with defendants' conclusion.

In count IV plaintiff apparently realleges the allegations contained in counts II and III as to defendants Walker and Auerbach and, in addition, alleges that said defendants violated their duty to ascertain whether the pleadings filed in the prior dissolution proceeding were based on true facts, to state a cause of action; that defendants recklessly, negligently and without probable cause filed a complaint containing allegations not made in good faith; that defendants maliciously, wrongfully and with intent to vex, harass, annoy and embarrass plaintiff obtained a court order directing plaintiff to undergo a psychiatric examination; and that proceedings in said cause are continuing to the date of filing the instant complaint. Plaintiff further alleges that he suffered injury to his reputation and the practice of his profession, that he was compelled to incur attorney fees, that he was subjected to embarrassment and humiliation and thereby incurred mental pain and suffering which caused a recurrence of an existing ankylosing spondylitis, and that he was enjoined from enjoying access to his funds and exercising property rights. Count IV concludes with a prayer for damages of $250,000 against defendants Dorothy Doyle, Walker and Auerbach.

The elements of malicious prosecution set out above in the discussion of count III include special injury which must be pleaded in order to state a cause of action. Special injury has been defined as that "injury not necessarily resulting in any and all suits prosecuted to recover for like causes of action." (*Schwartz v. Schwartz* (1937), 366 Ill. 247, 250, 8 N.E.2d 668.) Special injury has been held to be that injury "beyond the anxiety, loss of time, attorney fees, and necessity for defending one's reputation, which are an unfortunate incident of many (if not most) lawsuits." *Lyddon v. Shaw* (1978), 56 Ill. App. 3d 815, 818, 372 N.E.2d 685.

■ We note, initially, that the allegations of injury contained in count IV are conclusory in nature and lack factual statements of damage. For that reason alone, such allegations are insufficient. (See *Pantone v. Demos* (1978), 59 Ill. App. 3d 328, 375 N.E.2d 480.) Furthermore, many of the injuries alleged are "ordinary injuries" which would result from any litigation and are not special in nature. (See *Stopka v. Lesser* (1980), 82 Ill. App. 3d 323, 402 N.E.2d 781.) Injury to personal or professional reputation is an unfortunate consequence of most litigation and does not constitute a special loss. (*Pantone; Lyddon.*) Similarly, attorney fees, embarrassment, humiliation and

mental pain and suffering are in the nature of ordinary injury, attendant to any litigation. (See *Lyddon.*) Thus, count IV fails to set forth facts sufficient to allege the necessary element of special injury.

█ All of the elements of malicious prosecution must be alleged in order to state a cause of action. Because of our determination of insufficiency regarding the allegation of special injury, a discussion of the other elements is unnecessary. We note, however, that plaintiff makes no plain allegation that the prior proceedings terminated in his favor in that he alleges that he was granted a divorce, but states at two separate paragraphs within count IV that the proceedings in the prior action are continuing. Moreover, count IV contains no allegation that the prior dissolution proceedings were brought with malice. The only allegation of malice contained in count IV was the statement that defendants acted "maliciously" in obtaining the court order requiring plaintiff to submit to a psychiatric examination. Such statement alone is insufficient as an allegation of an essential element. For all of the foregoing reasons the trial court did not err in holding count IV substantially insufficient as a matter of law as to defendants Walker and Auerbach.

It is to be noted that defendant Dorothy Doyle, a named appellee, has filed no brief in this appeal. The appellate court may, however, consider the merits of an appeal in such a situation. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) A second recitation of the deficiencies of count IV is unnecessary. Count IV contains no specific factual allegations regarding defendant Doyle. The unavoidable conclusion is that count IV is substantially insufficient as a matter of law as to defendant Doyle.

*Count V*: Count V alleges, in the alternative, that plaintiff engaged defendant Dr. Shlensky to examine him and paid the fee for such examination; that defendant Shlensky breached his contract with plaintiff and violated Illinois statute, the Code of Medical Ethics, and plaintiff's right of privacy and civil rights by delivering a report of the examination to defendants Walker and Auerbach; that defendants Walker and Auerbach interfered with plaintiff's contract with defendant Shlensky and aided defendant Shlensky in the wilful breach of his contract with plaintiff to keep the results of said examination private and confidential; and that plaintiff was injured thereby. In count V plaintiff prays for damages against defendants Shlensky, Walker and Auerbach.

Plaintiff contends that the trial court erred in dismissing count V as to defendants Walker and Auerbach. He asserts that count V alleges the facts necessary to show "tortious interference" by defend-

ants Walker and Auerbach with Shlensky's employment by plaintiff. Defendants Walker and Auerbach argue, principally, that count V is insufficient as it consists of legal conclusions, unsupported by facts. Defendants note specifically the absence of factual support for plaintiff's statement that he and Dr. Shlensky had a contract and for plaintiff's allegation of "interference."

The elements of the tort of interference with contractual relations include: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other party, caused by the defendant's wrongful conduct; and (5) damages. (*Belden Corp. v. Internorth, Inc.* (1980), 90 Ill. App. 3d 547, 551, 413 N.E.2d 98.) The allegations contained in count V are conclusions of law which, standing alone, are insufficient to state a cause of action. (See *Fanning v. LeMay* (1967), 38 Ill. 2d 209, 212, 230 N.E.2d 182.) Upon a review of count V we conclude that the allegations therein lack sufficient facts to state a cause of action for interference with contractual relations. Accordingly, the court did not err in dismissing count V as to defendants Walker and Auerbach.

Defendant Dr. Shlensky contends that count V was properly dismissed as to him and argues, *inter alia*, that plaintiff's examination was conducted pursuant to court order, not contract, that the statutory physician-patient privilege is, therefore, not applicable, and that count V fails to state a cause of action.

In support of his motion to dismiss, defendant Shlensky submitted to the trial court the petition for mental examination and the court order of February 18, 1976, which obligated him to conduct psychiatric examination of plaintiff in accordance with Supreme Court Rule 215 (73 Ill. 2d R. 215). The trial court dismissed count V as to defendant Shlensky pursuant to section 48(i) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 48(i)), now codified as section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 10, par. 2—619(a)(9)), which provides for dismissal of an action on the grounds that "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." Plaintiff Shlensky's motion to dismiss affirmatively established that he had conducted the examination pursuant to a Rule 215 order of court, and not pursuant to a contract with plaintiff as alleged by the latter. Thus, the affirmative matters effectively barred and defeated plaintiff's claim. Therefore, the trial court did not err in granting Dr. Shlensky's motion to dismiss count V.

■■■ *Count I*: Although plaintiff has also appealed from the order of March 23, 1982, dismissing count I, his brief contains neither argument nor legal authority in support of any relief. The Supreme Court Rules provide that points not argued are waived. (73 Ill. 2d R. 341(e)(7).) The order of this court allowing the use of the record and briefs filed in the earlier appeal of the dismissal of counts II through V does not remove from plaintiff the obligation to supplement the record and to file a brief with arguments pertinent to the dismissal of count I. Accordingly, the trial court's dismissal of count I is affirmed.

## II

The second issue raised is whether the trial court erred in holding that the claims against defendant attorneys Walker and Auerbach were released by the divorce judgment. Said order expressly provides that "all rights and claims of each party against the other party and the agents and servants thereof are forever relinquished, released, barred and ended ***."

Plaintiff does not dispute that Walker and Auerbach acted as Dorothy Doyle's attorneys but argues, principally, that defendant attorneys were not her "agents." Plaintiff asserts that the relation of attorney to client is more often that of an independent contractor than agent or servant and that whether an agency relationship exists is a question of fact. Plaintiff concludes that the release contained in the judgment order did not extend to defendant attorneys.

Defendant attorneys Walker and Auerbach contend that the term "agent" includes attorneys, that each of plaintiff's allegations against them arose from actions taken as attorneys on behalf of Dorothy Doyle, and that plaintiff's cause of action is, therefore, barred by the release contained in the judgment order entered in the divorce action.

The attorney-client relationship is one of agent-principal. (*Feiertag v. Reichmann* (1959), 21 Ill. App. 2d 215, 220, 157 N.E.2d 818.) Mere engagement of a law firm has been held to create "an attorney-client relationship governed by principles of agency law" (*Pierce v. MacNeal Memorial Hospital Association* (1977), 46 Ill. App. 3d 42, 50, 360 N.E.2d 551) and the general rule is that "the client is bound by the acts and omissions of his lawyer-agent in the prosecution of a remedy." (*Danforth v. Checker Taxi Co.* (1969), 114 Ill. App. 2d 471, 476, 253 N.E.2d 114.) The court has rejected the argument that by the nature of his duties and responsibilities an attorney is better characterized as an independent contractor rather than as an agent (*Flight Kitchen, Inc. v. Chicago Seven-Up Bottling Co.* (1974), 22 Ill. App. 3d 558, 317 N.E.2d 663), and we decline to here adopt such a position.

The cases cited by plaintiff in support of the proposition that attorneys are not ordinarily considered agents are from foreign jurisdictions and we deem it sufficient to note that they are not here controlling.

Plaintiff correctly asserts that whether an agency relationship exists is generally a question of fact. (*Penrod v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1979), 68 Ill. App. 3d 75, 385 N.E.2d 376.) This is not the rule, however, where, as in the instant case, the parties' relationship is so clear as to be undisputed. (*Sherman v. Field Clinic* (1979), 74 Ill. App. 3d 21, 392 N.E.2d 154.) Plaintiff admits that at all relevant times defendants Walker and Auerbach were licensed attorneys. Every claim stated by plaintiff against said defendants arose out of actions taken as attorneys on behalf of Dorothy Doyle. In view of the allegations of the complaint itself, that Walker and Auerbach were Dorothy Doyle's attorneys, and the fact that there were neither allegations nor facts pleaded suggesting that they were independent contractors, the court did not err in determining that defendant attorneys were agents of Dorothy Doyle and that the claims against them were, therefore, released pursuant to the judgment order.

Finally, plaintiff argues that the trial court erred in ruling at the same time on motions filed under sections 45 and 48 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, pars. 45, 48), now codified as sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 2—615, 2—619). Our supreme court has expressly disapproved such hybrid motions for the reason that combining an inquiry into whether a pleading is sufficient to state a cause of action with an examination which almost necessarily assumes that a cause of action has been stated is likely to confuse both the parties and the court. The court allowed, however, that to remand the cause to the trial court for separate consideration of the motions would "occasion delay and waste of judicial resources." (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 407, 312 N.E.2d 605; *Moreno v. Joe Perillo Pontiac, Inc.* (1983), 112 Ill. App. 3d 670, 445 N.E.2d 1184.) We here adopt that reasoning and, accordingly, find no error in the trial court's consideration of the motions.

For all of the foregoing reasons, the orders of the trial court are affirmed.

Affirmed.

WILSON, P.J., and SULLIVAN, J., concur.