RODMAN D. SPIRN *et al.*, Plaintiffs-Appellants, v. WILLIAM JOSEPH *et al.*, Defendants-Appellees.

Third District   No. 3—85—0474

Opinion filed June 4, 1986.

Marcia Gevers and Nanette Raduenz, both of Getty & Gevers, of Dolton, for appellants.

Robert R. Gorbold, of Thomas, Wallace, Freehan, Baron & Kaplan, Ltd., of Joliet, for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiff sued for injuries he sustained when he fell on the property of the defendants, owners of a shopping mall known as "the Grainery." When he fell, the plaintiff, a tenant of the mall, was checking on the furnace because of problems with the heating system. For purposes of this appeal, the parties agree that the status of the plaintiff was that of a business invitee.

The furnace room was accessible only by an outside door, 10 to 12 feet from the street. There was no paved walkway leading to the

door, but a "trodden path" had been created in the snow by persons called in by the defendants to repair the furnace. It was undisputed that their footprints had made depressions in the snow which had subsequently iced over.

The plaintiff charged that this path was an unnatural or aggravated natural condition created by agents of the defendants. The trial court granted summary judgment for the defendants and the plaintiff appeals. We affirm.

■ Both parties agree that the law is well settled in Illinois that no liability is incurred for injuries resulting from a fall on snow or ice which has accumulated as a consequence of natural causes where the accumulation or condition is not aggravated by the owner. (*Bakeman v. Sears, Roebuck & Co.* (1974), 16 Ill. App. 3d 1065, 307 N.E.2d 449.) The plaintiff argues that, viewing the evidence in a light most favorable to him, the case presented a question of fact for the jury to decide as to whether the snow and ice accumulation was natural or unnatural, aggravated by the owner or not. We disagree.

Despite its somewhat unique factual situation, this case is analogous to *Stiles v. Panorama Lanes, Inc.* (1982), 107 Ill. App. 3d 896, 438 N.E.2d 241, where the fifth district held that a property owner was not liable to a business invitee who tripped on a rut in ice and snow formed by vehicular traffic in its parking lot. In so ruling, the court in *Stiles* stated:

> "In the instant case all that the defendant may be said to have done to cause an unnatural accumulation of snow and ice is to suffer its customers to use its parking lot while snow was upon the ground. In view of the fact that only ordinary vehicular traffic caused the ruts of which plaintiff complains in a place intended for use by such vehicles, we do not think that the ruts resulting from such use may be said to have been an unnatural accumulation of snow and ice created by defendant." 107 Ill. App. 3d 896, 899, 438 N.E.2d 241.

Similarly, in the present case all that the defendant mall owners did was to allow furnace repair personnel access to the furnace room while snow was on the ground. There was no evidence that they did anything to contribute to or aggravate the condition. *Cf. Fitzsimons v. National Tea Co.* (1961), 29 Ill. App. 2d 306, 173 N.E.2d 534 (where the defendant had piled snow in a parking lot which alternately melted and, as it drained across the lot, froze again).

The plaintiff's efforts to distinguish *Stiles* are not persuasive. It is irrelevant that the footprints were made by agents of the defendants rather than by members of the public. The area was being used for its

intended purpose: access to the furnace room. Nor is there any reason to differentiate between the paved parking lot in *Stiles* and the foot path in this case, since there is no evidence to suggest that the ground beneath the rutted snow and ice was a factor in the plaintiff's fall.

■ Although the plaintiff contends that melting snow may have been unable to run off properly due to the fact that the defendant had graded the area several years earlier to make it level, we note that this issue was raised for the first time in oral argument. Without expressing our opinion as to either the validity of the plaintiff's theory or the sufficiency of the evidence to support it, we must reject the plaintiff's argument as waived. Issues concerning alleged error not raised in the trial court, nor even argued in the appellant's brief, cannot be raised for the first time in oral argument. See *Lemke v. Kenilworth Insurance Co.* (1985), 109 Ill. 2d 350, 487 N.E.2d 943.

■ The plaintiff also suggests that a flood which took place in the mall approximately two weeks before the plaintiff's fall contributed to the icy condition. This argument fails, however, because the evidence shows that the flooding took place inside the mall, and there is nothing to indicate that it involved the area of the foot path outside.

■ Finally, the plaintiff contends that the defendants were negligent in failing to warn the plaintiff of the condition of the foot path where he fell. This cannot give rise to liability, since the duty to warn coexists with the corresponding liability for the hazards of the condition if no warning is given. This was the holding in *Chisolm v. Stephens* (1977), 47 Ill. App. 3d 999, 365 N.E.2d 80, where the court went on to say, "Inasmuch as defendants are not liable for failure to clear the natural accumulations of snow and ice, defendants were under no duty of warning against those hazards. [Citation.]" (47 Ill. App. 3d 999, 1009, 365 N.E.2d 80.) Those words are equally applicable here.

For the reasons stated, the summary judgment in favor of defendants is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.