JANE R. ENDSLEY *et al.*, Plaintiffs-Appellants, v. HARRISBURG MEDICAL CENTER, Defendant-Appellee.

Fifth District   No. 5—88—0430

Opinion filed March 1, 1991.

WELCH, J., dissenting.

Donald V. Ferrell, of Jelliffe, Ferrell & Morris, of Harrisburg, for appellants.

John Speroni, of Garrison & Speroni, of Marion, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Jane R. Endsley (hereafter plaintiff) and William R. Endsley, appeal from the order of the circuit court of Saline County granting the motion to dismiss of defendant, Harrisburg Medical Center. In this cause, plaintiffs argue that the circuit court improperly granted defendant's motion to dismiss. We reverse.

On February 15, 1985, plaintiff slipped and fell on defendant's property. Plaintiff was an employee of Southeastern Illinois College. By agreement between the college and defendant, plaintiff, a nursing instructor, was teaching classes on the premises. Defendant directed people to walk from the hospital to another building utilized for nursing instruction via a particular path. It was on this path that plaintiff slipped and fell. Plaintiff alleges the path was rough, uneven, and unnatural due to alternating freezing and thawing of snow and ice. Specifically, plaintiff's third amended complaint alleged in paragraph 5 that:

"[D]efendant directed persons, including the plaintiff, to walk from the hospital to and from the building utilized for the purposes of conducting classes as alleged in paragraph 3 above, resulting in a rough, uneven and unnatural surface of the ground as the result of freezing and thawing of snow and ice, and thereafter the said defendant failed when it knew, or should have known, of the unnatural condition, to clean and remove said frozen ice and snow in a roughened and uneven condition."

Plaintiff later alleged in paragraph 7 that defendant:

"(e) Negligently and carelessly invited and permitted the public, including the plaintiff, to use the premises when the defendant knew, or by the exercise of reasonable care should have known, of its dangerous condition;

(f) Negligently and carelessly directing and allowing persons lawfully upon the premises to utilize a sidewalk which resulted in an unnatural accumulation of ice and snow;

(g) Negligently and carelessly aggravated the condition of the accumulation of ice and snow by:

(1) Not completely cleaning the sidewalk;

(2) Incorrectly applying chemicals to cause snow and ice to melt; and

(3) Directing persons, including the plaintiff, to traverse an area where the condition had been aggravated by the conduct of the defendant."

The circuit court dismissed the third amended complaint.

■■ ■ In general, a property owner is under no obligation to remove and is not liable for injuries caused by natural accumulations of snow and ice (the natural accumulations rule). (*Harkins v. System Parking, Inc.* (1989), 186 Ill. App. 3d 869, 872, 542 N.E.2d 921, 923-24; *Smalling v. La Salle National Bank* (1982), 104 Ill. App. 3d 894, 896, 433 N.E.2d 713, 715; *Hankla v. Burger Chef Systems, Inc.* (1980), 93 Ill. App. 3d 909, 910, 418 N.E.2d 35, 36.) In particular, a property owner is not liable for injuries sustained in a fall on an icy sidewalk where the accumulation is natural and not caused or aggravated by the owner. (*Timmons v. Turski* (1981), 103 Ill. App. 3d 36, 38, 430 N.E.2d 1135, 1137; *Zide v. Jewel Tea Co.* (1963), 39 Ill. App. 2d 217, 188 N.E.2d 383.) Property owners may be liable, however, when ice accumulates because the owner either aggravated a natural condition (*Harkins*, 186 Ill. App. 3d 869, 542 N.E.2d 921) or engaged in conduct which gives rise to a new, unnatural or artificial condition. (*Harkins*, 186 Ill. App. 3d 869, 542 N.E.2d 921; *Smalling*, 104 Ill. App. 3d 894, 433 N.E.2d 713; *Hankla*, 93 Ill. App. 3d at 911, 418 N.E.2d at 36.) Although there is no duty to remove natural accumulations of snow and ice, if a property owner does remove it, he may be liable if he does so negligently. (*Timmons*, 103 Ill. App. 3d 36, 430 N.E.2d 1135; *DeMario v. Sears, Roebuck & Co.* (1972), 6 Ill. App. 3d 46, 284 N.E.2d 330.) The mere removal of snow which may leave a natural ice formation on the premises does not constitute negligence. *Timmons*, 103 Ill. App. 3d 36, 430 N.E.2d 1135.

Plaintiff first argues that private landowners should be liable for injuries caused by natural accumulations of snow and ice. Specifically, plaintiff argues that the natural accumulations rule was inappropriately extended after *Graham v. City of Chicago* (1931), 346 Ill. 638, 178 N.E. 911, held that a municipality is not liable for injuries caused by natural accumulations of snow and ice on its sidewalks.

■ The natural accumulation rule, however, is the well-settled law of this State, and that rule with its modifications was the appropriate standard for the circuit court to apply.

Plaintiff next argues that the determination of whether the accumulation was natural or unnatural is a question of fact. In *Stiles v. Panorama Lanes, Inc.* (1982), 107 Ill. App. 3d 896, 438 N.E.2d 241, the court held that as a matter of law icy ridges and ruts resulting solely from ordinary vehicular traffic constitute a natural accumulation of snow and ice in a parking lot used for business purposes. We distinguish *Stiles* and decline to follow the Third District Appellate Court case of *Spirn v. Joseph* (1986), 144 Ill. App. 3d 127, 493 N.E.2d 1197 (question of whether accumulation was natural or unnatural is not for the jury). As Justice Harrison insightfully wrote in dissent, it is not always clear which accumulations are natural and which are not. (*Stiles*, 107 Ill. App. 3d at 900, 438 N.E.2d at 244 (Harrison, J., dissenting); see also *Timmons*, 103 Ill. App. 3d at 38, 430 N.E.2d at 1137 (declining to determine whether compaction by motor vehicles is natural or unnatural).) The trier of fact is in a much better position than an appellate court to determine whether the accumulation is natural. Concerning *Stiles*, plaintiff in this cause alleged a number of negligent acts and omissions by defendant. These allegations take this cause far beyond the holding in *Stiles*, which is confined to "icy ridges and ruts resulting *solely* from ordinary vehicular traffic." (Emphasis added.) *Stiles v. Panorama Lanes, Inc.* (1982), 107 Ill. App. 3d 896, 897, 438 N.E.2d 241, 242.

■ In the case at bar, defendant selected the area for plaintiff to walk. This constitutes defendant's use of the area. Plaintiff alleges that the resultant heavy use combined with alternating freezing and thawing of snow and ice caused the area to become rutted and rough, and therefore, the character of the initial accumulation changed. Under such circumstances, the ruts and ridges may constitute unnatural accumulations of ice and snow or an aggravation of a natural condition. Plaintiff also alleges the improper application by defendant of snow-melting chemicals, another act that would aggravate a natural condition or result in an unnatural accumulation of snow and ice. Again, this is for the trier of fact to decide.

■ As the third amended complaint sets forth a legally recognized claim as its basis for recovery and pleads facts which bring the claim within a legally recognized cause of action, dismissal is inappropriate. A cause of action should not be dismissed on the pleadings unless it is clear that the plaintiff can prove no set of facts which will

entitle him to recover. *Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 811, 458 N.E.2d 1120, 1124-25.

For the foregoing reasons, the order of the circuit court of Saline County is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HARRISON, J., concurs.

JUSTICE WELCH, dissenting:

I dissent. The well-settled law of Illinois is that ridges and ruts in snow or ice caused by ordinary traffic constitute a natural accumulation of snow or ice even where they are caused in part by application of snow- and ice-melting chemicals followed by refreezing. (See *Erasmus v. Chicago Housing Authority* (1980), 86 Ill. App. 3d 142, 145, 407 N.E.2d 1031, 1033; *Harkins v. System Parking, Inc.* (1989), 186 Ill. App. 3d 869, 872, 542 N.E.2d 921, 924; *Stiles v. Panorama Lanes, Inc.* (1982), 107 Ill. App. 3d 896, 899, 438 N.E.2d 241, 243.) The majority holds, however, that where a landowner directs a plaintiff down a path, or selects an area for pedestrians to travel, as alleged in plaintiff's complaint, the ridges and ruts in the ice and snow do not result *solely* from ordinary traffic and therefore the accumulation may be unnatural or constitute an aggravation of a natural accumulation.

I think the majority draws a distinction without a difference. In nearly every case in which ridges and ruts appear in snow or ice, it is in an area which the defendant has selected for travellers to use, either by establishing a parking lot, or locating an entry or exit door. I fail to see how the instant situation differs materially from these other cases. Indeed, in *Smalling v. La Salle National Bank* (1982), 104 Ill. App. 3d 894, 433 N.E.2d 713, a summary judgment in favor of the defendant was affirmed where the plaintiff's complaint alleged that defendant negligently directed the plaintiff to use a particular ramp which was covered with a natural accumulation of ice and snow. I think the instant case is no different from any other case where ruts and ridges in snow or ice are caused by vehicular or pedestrian traffic. In such a case, the landowner has no liability for injuries resulting from what is a natural accumulation of snow or ice.

Furthermore, while plaintiff's complaint alleges that defendant incorrectly applied ice- and snow-melting chemicals, it fails to allege any facts to demonstrate the way in which such application was incorrect.

However, it is well settled that a landowner is not liable for injuries resulting from alternate melting and freezing of ice and snow as a result of the application of chemicals or salt. (See *Harkins*, 186 Ill. App. 3d at 873, 542 N.E.2d at 924 (and cases cited therein).) The use of such chemicals does not aggravate a natural accumulation of snow or ice or result in an unnatural accumulation of snow or ice.

Finally, I think the majority's reliance on the dissent in *Stiles* is most unwise. Relying on that dissent, the majority holds that ruts and ridges resulting from traffic may constitute an unnatural accumulation and that the question of whether an accumulation of snow or ice is natural or unnatural is a question of fact for the jury. The dissent in *Stiles* did not argue that the question of whether an accumulation is natural or unnatural is a question for the jury. Instead, in that dissent, Justice Harrison expressed his opinion that, as a matter of law, ridges and ruts on a parking lot caused by vehicular traffic changed the initial natural accumulation of ice and snow into an unnatural accumulation. (*Stiles*, 107 Ill. App. 3d at 901, 438 N.E.2d at 244.) Justice Harrison further opined that, because the vehicular traffic was a result of defendant's implied invitation onto his premises for business purposes, the unnatural accumulation was created by defendant, through defendant's use of the area concerned. (107 Ill. App. 3d at 901, 438 N.E.2d at 244.) Therefore, Justice Harrison opined, summary judgment in favor of defendant was improper.

By essentially following Justice Harrison's dissent in *Stiles*, the majority is, in effect, creating a new duty on landowners. As I have already pointed out, the law has long been settled that a landowner is not liable for injuries resulting from ridges and ruts in snow or ice caused by vehicular or pedestrian traffic in the ordinary course of business. To hold otherwise, as the majority does, is to make a landowner an insurer of his visitors' safety, something which the law has long declined to do in snow and ice cases. To hold that ridges and ruts caused by traffic may result in liability to the landowner would require the landowner to completely remove *all* snow and ice from his premises, something which may be impossible and certainly impractical, or to close his premises to all traffic. Such a result is patently ridiculous.

For these reasons, I cannot agree with the decision of the majority. Because a landowner is not liable for injuries resulting from a natural accumulation of snow or ice, and because I believe plaintiff's complaint fails to plead facts which remove her case from this general rule, I believe the trial court properly dismissed plaintiff's complaint. I therefore dissent.