The City of Tuscola, Plaintiff-Appellee, *v.* Duane Otto, Defendant-Appellant.

(No. 12723;

Fourth District—December 4, 1975.

Auler Law Offices, of Urbana (Robert W. Dodd, of counsel, W. Robert Abramitis and Gene Wurth, Law Students, assisting), for appellant.

Frank W. Lincoln, of Tuscola, for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

On February 25, 1972, the plaintiff-appellee, City of Tuscola, filed a complaint alleging that the defendant-appellant, Duane Otto, had for several years without permission, deposited junk·appliances, junk automobiles and other types of debris on certain described premises·owned by the City, and though frequently requested had refused to remove the same.

On June 7, 1972, an order was entered finding defendant to be in default, and finding the allegations of the complaint to be taken as confessed by the defendant. The court then entered an order requiring defendant to remove the junk from the City's lot by not later than July 10, 1972, and that the defendant be enjoined from any further trespass on the premises. It also appears from the record that defendant maintains a junkyard on premises adjacent to the City's lot.

On August 17, 1972, plaintiff filed a petition for a rule to show cause why defendant should not be held in contempt for his refusal to obey the order entered June 7 for his violation of the injunction of the same date. On October 6, 1972, a hearing on the petition resulted in a "settlement" which resulted in the entry of the following order:

"* * * that the Defendant post a ONE THOUSAND ($1000) DOLLAR cash bond with the Clerk of this Court forthwith; that if the Defendant fails to post such cash bond forthwith this Court will enter a finding that the Defendant is in contempt of this Court on the Court's own motion; that the condition of said bond shall be that the Defendant remove all junk, debris and other miscellaneous materials, property of the Defendant, from the Plaintiff's premises, as described in Plaintiff's Petition within thirty (30) days from October 6, 1972, or failing in this the aforementioned cash bond shall be forfeited to the Petitioner, and Petitioner may then use the proceeds of said bond to accomplish the removal of the aforementioned junk, debris and other miscellaneous materials from Petitioner's premises as described in Petitioner's aforementioned Petition."

The court then continued the matter until November 2, 1972.

On November 9, 1972, the court found that defendant had disobeyed the order of October 6 and ordered the bond forfeited to the City.

On April 4, 1973, the plaintiff filed a second petition for a rule to show cause alleging that defendant had violated the injunction issued on June 10, 1972. A hearing was held on this petition on June 22, 1973. The court then found that defendant had wilfully disobeyed the order and took the cause under advisement to consider imposition of penalty. Following this the defendant appears to have removed his junk from the property and the record does not establish that any penalty was assessed.

On April 16, 1974, plaintiff filed a third petition for rule to show cause, again alleging violations of the injunction. The petition was heard April 29, 1974. The trial court found that the defendant had wilfully and contumaciously failed to abide by and comply with the writ issued on June 10, 1972. Defendant was ordered to serve 30 days in the county jail with provision that he be released one day each week for the purpose

of continuing his employment. Defendant appeals from that judgment.

■■ Defendant contends that the order is void because the action was not brought in the name of the People and prosecuted by the State's Attorney, the contempt being criminal. There is no merit in this contention. The court clearly had jurisdiction of the subject matter and of the parties to the proceeding, it had the power to issue the injunction and to punish defendant's deliberate and persistent violation of the writ. In *Faris v. Faris*, 35 Ill.2d 305, 309, 220 N.E.2d 212, the court stated:

"One is justified in refusing to comply with a court order only if such order is utterly void, but it is no defense in a contempt proceeding to show that the order was merely erroneous. (*Cummings-Landau Laundry Machinery Co. v. Koplin*, 386 Ill. 368; 12 I.L.P., Contempt, sec. 31.) If the court had jurisdiction of the subject matter and of the parties to the proceeding, then its order must be obeyed until such time as it is set aside by the issuing or reviewing court. (*People ex rel. Titzel v. Hill*, 344 Ill. 246.) Jurisdiction of the subject matter means the power of that particular court to hear the type of case that is then before it. (*Baker v. Brown*, 372 Ill. 336; *Rabbitt v. Weber & Co.*, 297 Ill. 491.)"

■■ Defendant next contends that the order of the court was so contradictory that it was impossible for defendant to comply therewith. This is bottomed upon the proposition that the defendant was ordered to go upon plaintiff's land to remove the junk and at the same time ordered not to trespass. The sense of the order is clear. Defendant was directed by the court to go upon plaintiff's land, remove the junk and desist from further trespass. It cannot be contended that going upon the land pursuant to an express order of the court would constitute a trespass. Defendant was simply ordered to remove the junk, and to remain off the City's lot thereafter.

■■ Defendant urges that the evidence did not establish, beyond a reasonable doubt, that he violated the injunction. This contention is so lacking in merit that it deserves no extended discussion here. The record amply establishes repeated violations of the order.

■■ Defendant argues that the court's denial of work release except for one day per week constitutes an abuse of discretion. We do not agree. This record demonstrates a great deal of forbearance on the part of the trial judge. It establishes that sentence was imposed as a last resort, and only after repeated, wilful violations of the order extending over a period of many months.

The judgment is affirmed.

CRAVEN and GREEN, JJ., concur.