141 Ill. App.3d 834 (1986)
491 N.E.2d 125
MELODY J. MILLER, a/k/a Melody J. Gough, Plaintiff-Appellant,
v.
ST. CHARLES CONDOMINIUM ASSOCIATION et al., Defendants (James A. Blazina, Defendant-Appellee).
No. 85-456.
Illinois Appellate Court  Second District.
Opinion filed March 20, 1986.
*835 Bonnie M. Wheaton, of Wylie, Wheaton & Associates, P.C., of Wheaton, for appellant.
Alan B. Castator, of Hollowbow & Taslitz, of Chicago, for appellee.
Reversed and remanded.
JUSTICE SCHNAKE delivered the opinion of the court:
This is an appeal from the order of the circuit court of Du Page County granting defendant James A. Blazina's motion for summary judgment. Plaintiff, Melody Gough Miller, alleged in her complaint that defendant Blazina had intentionally and maliciously interfered with her contract to sell her condominium unit. The trial court granted defendant's motion on the grounds that the record did not present a triable issue of fact as to whether defendant had acted with intent and malice.
On March 26, 1984, plaintiff filed a four-count complaint naming James A. Blazina, Fae Jankowski, Robert Taylor, Kathleen Beadle, Kathleen Brandstatter, and the St. Charles Condominium Association (association) as defendants. Jankowski, Taylor, Beadle and Brandstatter were members of the board of managers of the association. Blazina acted as legal counsel for the association. Plaintiff was the record *836 title holder of a parcel of property commonly known as 135 East Grand, Unit No. 2F, Bensenville, which is subject to a recorded declaration of condominium.
In count I, naming the association and its board of managers, plaintiff alleged that she entered into a valid and binding contract for the sale of her condominium unit on November 13, 1982, that the association and its board had actual notice of the contract, that she had paid to the association all dues and assessments on the unit, that on October 21, 1982, that a judgment had been entered in her favor and against the association in an earlier action that she requested a statement that all association fees for the subject property were paid and the unit was free from encumbrance, and that the association and the named officers intentionally and maliciously interfered with her contractual obligations by refusing to execute any such statement unless plaintiff paid the association $1,330.20. In count II, plaintiff realleged the allegations of count I and further alleged that the actions complained of were wilful, wanton, malicious, oppressive and in reckless disregard of her rights.
In count III which named defendant Blazina as defendant, plaintiff further alleged that Blazina was the attorney of record for the association in its prior forcible entry and detainer suit against plaintiff, and that Blazina intentionally and maliciously interfered with her contractual obligations by advising and directing the other defendants to refuse to execute any statement with regard to the assessments on her condominium until she paid the association $1,330.20. In count IV, plaintiff realleged the allegations of count III and further alleged that the actions complained of were wilful, wanton, malicious, oppressive, and in reckless disregard of her rights.
After all defendants filed answers and discovery was conducted, the association and the board members filed a joint motion for summary judgment which was taken under advisement and later denied on June 3, 1985. Defendant Blazina filed a separate motion for summary judgment on May 24, 1985. Defendant's motion included his affidavit, stating that he had acted in good faith and in his capacity as the association's attorney when he advised the association to withhold the requested statement. Plaintiff's motion to strike defendant's affidavit for stating conclusions and not facts was argued and granted on the morning of June 3, 1985. That afternoon defendant filed an amended affidavit which stated that he was directed by the association in October of 1981 to pursue collection of unpaid condominium association assessments from plaintiff which eventually resulted in a forcible entry and detainer action being filed against her. That action *837 was concluded in plaintiff's favor on October 21, 1982. The affidavit also stated that it was defendant's belief that plaintiff owed the association $1,330.20 and that he extended his legal opinion based upon his legal representation of the association.
Prior to argument on defendant's motion for summary judgment on June 3, 1985, defendant tendered to the court a copy of the October 21, 1982, letter from defendant Blazina to defendant Brandstatter which was obtained during discovery, and was part of the court's record. The letter stated:
"Enclosed you will find a billing statement regarding legal services rendered relating to the above-captioned matter. Kindly place such billing statement in your files, and please be certain that, if Ms. (Gough) Miller ever sells her St. Charles Condominium unit, the St. Charles Condominium Association does not provide her with a letter stating that no assessments are unpaid regarding her condominium unit. If she should ever request a letter regarding the status of her unpaid condominium assessments please be certain to include the amount of the $1,125.20 legal bill as part of her unpaid assessments. The amount of such legal bill should be required to be paid before the St. Charles Condominium Association agrees to state in writing that her condominium unit is not subject to any unpaid condominium assessments.
As I have explained to you, my law firm is the party which is owed the $1,125.20 amount, and the St. Charles Condominium Association has not been affected by the outcome of our eviction case. Instead such Association has collected in full all past due condominium assessments from the defendant, except for the various legal fees regarding such assessments which I am now informing you in writing will be waived if we are unable to collect them at any time in the future."
After reviewing the record the court granted defendant's motion for summary judgment. Plaintiff subsequently took a voluntary dismissal as to counts I and II against the remaining defendants and filed this appeal.
The only issue on appeal is whether the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there [was] no genuine issue as to any material fact." (Ill. Rev. Stat. 1983, ch. 110, par. 2-1005.) Plaintiff argues that the record discloses an issue of material fact in that: (1) defendant's October 21, 1982, letter stated it was defendant's law firm, and not the association, that was owed $1,125.20; and (2) that the October 21, 1982, letter implies *838 that defendant was attempting to extort money from her for legal fees to which defendant and association were not entitled because they had lost their forcible entry and detainer action against her. Defendant responds that the letter relied upon by plaintiff was not properly before the trial court in deciding the motion to dismiss and that, in any event, it does not disclose an issue of material fact.
 1 We note initially that the October 21, 1982, letter is properly before this court on review. Contrary to defendant's argument that the letter was never "introduced into evidence," the letter was tendered to the trial court prior to the oral argument on defendant's motion for summary judgment and was relied on extensively by plaintiff, without objection, in her argument against the motion. This was sufficient to properly place the letter before the court. (See Peltz v. Chicago Transit Authority (1975), 31 Ill. App.3d 948 (photographs offered at hearing without objection considered in affirming summary judgment).) Further, defendant misconstrues the law in arguing that this court is limited to reviewing only his motion and affidavit because plaintiff failed to file counteraffidavits. While well-pleaded facts in defendant's affidavit stand as admitted and prevail over contradicted facts in plaintiff's unverified complaint (Wooding v. L & J Press Corp. (1981), 99 Ill. App.3d 382), defendant's affidavit does not contradict all of the facts alleged in plaintiff's complaint or the contents of defendant's October 21, 1982, letter.
 2 Addressing the merits of this appeal, plaintiff alleges that defendant tortiously interfered with her existing contract to sell her condominium. While conceding that defendant was acting within the scope of his representation of the association, plaintiff argues that she need only show that defendant acted maliciously in the legal sense, meaning that he acted intentionally and without just cause. Contrary to plaintiff's argument, however, an attorney is accorded a conditional privilege when advising his client. A plaintiff may maintain a cause of action for tortious interference with a contract against an attorney who is conditionally privileged only if she can set forth facts from which "actual malice" may be inferred. (Schott v. Glover (1982), 109 Ill. App.3d 230, 235.) Actual malice means a positive desire and intention to annoy or injure another person. (Lorillard v. Field Enterprises, Inc. (1965), 65 Ill. App.2d 65, 78; Oberman v. Dun & Bradstreet, Inc. (7th Cir.1972), 460 F.2d 1381, 1385.) In an action against an attorney, actual malice would necessarily include a desire to harm which is independent of and unrelated to the attorney's desire to protect his client. Schott v. Glover (1982), 109 Ill. App.3d 230, 235.
 3 In the present case, the undisputed facts show that defendant *839 represented the association in its forcible entry and detainer action against plaintiff which concluded in plaintiff's favor on October 21, 1982. On that same day, defendant sent the association a letter advising it not to issue plaintiff a letter stating all her assessments were paid until plaintiff had paid for defendant's legal services rendered on behalf of the association. In light of defendant's failure throughout this action to give any basis for his apparent belief that he was entitled to collect his legal fees from the prevailing party, one reasonable inference from these facts is that defendant bore ill will against plaintiff and had a positive desire to annoy or injure plaintiff by preventing her from obtaining a no assessment letter and selling her condominium. It is well settled that where reasonable minds might draw different inferences from the undisputed facts, including one unfavorable to the moving party, summary judgment is improper. Moran v. Aken (1981), 93 Ill. App.3d 774, 777; Smothers v. Butler (1979), 78 Ill. App.3d 1018, 1020.
For the reasons set forth herein, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
STROUSE and REINHARD, JJ., concur.