COMMUNITY NATIONAL BANK IN MONMOUTH, Plaintiff-Appellee, v. DAVID N. McCRERY, JR., *et al.*, Defendants-Appellants.

Third District No. 3—86—0451

Opinion filed June 2, 1987.

Law Offices of John H. Bisbee, of Macomb (John H. Bisbee, of counsel), for appellants.

Howard & Brinkmann, of Monmouth (George Brinkmann, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

In 1978, the defendants, Mr. and Mrs. McCrery, executed a note and mortgage in the amount of $123,500 in favor of the Federal Land Bank of St. Louis. The mortgage secured real property of the defendants in Warren County. The note called for the defendants to make annual payments to the Federal Land Bank on December 1 of each year beginning in 1978, which they did until December 1, 1985, when they defaulted. On January 6, 1986, the plaintiff bank purchased the note and mortgage, and on January 24, 1986, the plaintiff filed its action in two counts to foreclose the mortgage. Only count I of the complaint concerns us here.

The defendants filed an answer, two affirmative defenses to count I, and a two-count counterclaim. The first affirmative defense alleges that all right, title and interest the plaintiff holds in the note and mortgage are void because the plaintiff abused process by engaging in the acts of barratry and maintenance. (Ill. Rev. Stat. 1985, ch. 13, pars. 21, 22.) The second affirmative defense alleged that all right, title and interest the plaintiff holds in the note and mortgage are void due to a standard abuse of process. Similarly, the defendants alleged

abuse of process in both counts of their counterclaim, the first count alleging the abuse of process having been effected by means of the devices of barratry and maintenance, the second count alleging a standard abuse of process.

The abuse of process defenses and claims are based on the following factual scenario as set out in the defendants' pleadings. The defendant, David McCrery, was the manager of Berwick Grain Company and a member of the board of directors. When he and his wife became engaged in efforts to become majority shareholders in the company, their efforts were resisted by Max Armstrong, another shareholder and board member of the company. According to the defendants, David McCrery was discharged by the board of directors as manager of the grain company upon the insistence of Max Armstrong. However, the defendants persisted in their efforts to gain a controlling interest in the company.

The defendants further allege that Max Armstrong is a major depositor in the plaintiff bank, that he exercised that power to influence the plaintiff to purchase the note and mortgage the defendants executed in favor of the Federal Land Bank, and that Max Armstrong influenced the Federal Land Bank to sell the note and mortgage. Finally, they maintain that Max Armstrong, acting in conjunction with agents, officers and employees of the plaintiff, inspired the foreclosure suit to be brought against the defendants. Based on these facts, the defendants argue that the foreclosure proceedings were instituted for the purposes of injuring and harassing the defendants, causing them adverse publicity, inflicting emotional harm on them, and preventing them from purchasing a majority interest in the Berwick Grain Company. It should be noted that the defendants were eventually successful in gaining a controlling interest in the Berwick Grain Company.

The plaintiff filed a motion to strike the two affirmative defenses and to dismiss the two-count counterclaim, which motion was granted. The plaintiff then moved for summary judgment as to the foreclosure action. The court granted summary judgment and entered a decree of foreclosure. The defendants appeal the trial court's orders granting the said motions. The issue presented for review is whether the allegations of abuse of process contained in the affirmative defenses and counterclaim were sufficient to defeat summary judgment on the foreclosure action.

■■ ■ Abuse of process is the misuse of legal process to accomplish some purpose outside the scope of the process itself. (*March v. Cacioppo* (1962), 37 Ill. App. 2d 235.) The elements of abuse of pro-

cess are (1) the existence of an ulterior purpose or motive, and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings. The second stated element is essential to maintenance of the action. The test for sufficiency of the allegations pertaining to the second element is whether the process has been used to accomplish some result which is beyond the purview of the process or which compels the party against whom it is used to do some collateral thing which he could not legally be compelled to do. (*Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 816.) When the process is used only for its intended purpose, there can be no cause of action for abuse of process, even if the existence of an ulterior purpose or motive is shown. (*Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962.) The usual case of abuse of process is one of some form of extortion, using the process to put pressure on someone to compel him to pay a different debt or to take or refrain from taking some other action. Restatement (Second) of Torts sec. 682 (1977).

■ Application of the above principles to the defendants' affirmative defenses and counterclaim is decisively illustrative of their deficiency. The defendants argue that the element of ulterior purpose was demonstrated by the plaintiff's purchase of the mortgage during depressed agricultural and economic conditions in west central Illinois, and by its immediate initiation of foreclosure proceedings before demanding payment from the defendants and notifying them that they were in default. Even assuming that these allegations are sufficient to allege the existence of an ulterior purpose, the allegations regarding element two—some act in the use of legal process that was not proper in the regular prosecution of the proceedings—are insufficient to sustain a claim for abuse of process.

■ The defendants maintain that the act in the use of process that was not proper was "the institution of a mortgage foreclosure action." It has been repeatedly held in Illinois that the mere institution of proceedings does not in and of itself constitute abuse of process. (*Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962.) Additionally, the institution of an action is not a process of the court. Rather, an action is instituted upon the filing of a pleading or complaint by a party. Process is issued by the court, under its official seal. It is any means used by the court to acquire or to exercise its jurisdiction over a person or over specific property. (4 Ill. App. 3d 962.) There are no allegations in the affirmative defenses or counterclaim regarding any use of summons or other process of the court by the plaintiff in an abusive manner. The fact that the plaintiff may have had an ulterior purpose or bad motive in filing suit for foreclosure

cannot be construed as having any relation to a process of the court. (See 4 Ill. App. 3d 962.) Here, the plaintiff initiated justified foreclosure proceedings. The record indicates that the process of the court was used only for its intended purpose, that is, obtaining a judgment of foreclosure. It was not used to compel the defendants to do some collateral thing which they could not legally be compelled to do. This is not an instance of abuse of process. Accordingly, the judgment of the circuit court of Warren County is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.