Christine **SKIERKEWIECZ**, Leo D. Stoller, Chestnut Industries, and Stealth Industries, Inc., Plaintiffs,

v.

Jesus J. **GONZALEZ**, Robert J. Vrandecic, John T. Brown, David C. Hilliard, Pattishall, McAuliffe & Hofstetter, Charles Baley, Mark Hinchy, Baley, Hinchy, Downes & Associates, Inc., and Slazengers Limited, British company, Defendants.

No. 88 C 7215.

United States District Court, N.D. Illinois, E.D.

April 24, 1989.

---

Michael E. Pedicone and Michael A. Pedicone, Ltd., Chicago, Ill., for plaintiffs.

David C. Hilliard, John Thompson Brown, and Douglas N. Masters, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This case comes before the Court on defendants John J. Brown's, David C. Hilliard's, Pattishall, McAuliffe, Newberry, Hilliard & Geraldson's, (hereinafter "Defendant Attorneys"), Charles Baley's, Mark Hinchy's, and Baley, Hinchy, Downes & Associates, Inc.'s, (hereinafter "Defendant Investigators"), Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Defendants contend that Counts I through IV of the Complaint must be dismissed for failure to state a claim against these defendants and that the remaining counts must be dismissed because they name only defendants previously dismissed by plaintiffs. For the following reasons, the defendants' motion is granted in part and denied in part.

### FACTS

On April 28, 1988, Slazengers Limited, (hereinafter "Slazengers"), filed a Motion for Temporary Restraining Order, Order for Seizure and for Preliminary Injunction. Simultaneously, a civil action number 88 C 3722 was filed under seal against Leo D. Stoller and Chris Stoller d/b/a Sentra Sporting Goods Co., Chestnut Industries, and Stealth Industries, Inc. (hereinafter sometimes "Stoller Defendants") alleging trademark infringement and counterfeiting trademarks.

On April 29, 1988, Defendant Attorneys appeared in chambers before Honorable James B. Parsons and presented their Motion for *Ex Parte* Seizure Order and affidavits in support. Judge Parsons entered the *Ex Parte* Temporary Restraining Order and Order for Seizure.

On May 4, 1988, two United States Marshals executed the Court's April 29, 1988, Order for Seizure at the Stoller Defendants' office and warehouse in Chicago.

Subsequently, the Stoller Defendants brought a motion to vacate the seizure order to obtain the return of their goods.

On May 27, 1988, Judge Parsons addressed the defendants' motion to vacate and issued his Memorandum Opinion and Order in which he was highly critical of Defendant Attorneys. Judge Parsons detailed the numerous misrepresentations which had been made to him by the Defendant Attorneys at the *Ex Parte* hearing and made it clear that he would not have ordered the seizure in the absence of the false portrayal of the plaintiffs as counterfeiters. Nevertheless, Judge Parsons found it necessary to issue a preliminary injunction, enjoining the Stoller Defendants from selling tennis rackets marked with the word "Panther" or hang tags used as advertising pieces depicting a panther in any position.

On August 19, 1988, the plaintiffs filed the Complaint which is the subject of the Defendants' Motion to Dismiss. In Count I of plaintiffs' Complaint, plaintiffs seek damages against Defendant Attorneys for wrongful seizure pursuant to 15 U.S.C. § 1116(d)(11). In Count II, plaintiffs attempt to state a claim for abuse of process. Finally, Counts III and IV allege that Defendant Attorneys and Defendant Investigators committed trespass to chattle and trespass to land, respectively, during the execution of the April 29, 1988, Order for Seizure.

### DISCUSSION

In order to have a claim dismissed under Rule 12(b)(6), the moving party must meet a high standard. The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of the case. Under the "simplified notice pleading" of the Federal Rules of Civil Procedure, the allegations of a complaint should be construed liberally and "the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S.

41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Lewis v. Local Union No. 199 of Laborers' Intern. Union of North America, AFL–CIO,* 750 F.2d 1368 (7th Cir. 1984). Generally, "mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago,* 760 F.2d 765 (7th Cir. 1985).

When considering a defendant's motion to dismiss the Court must view the complaint's allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Conley,* 355 U.S. at 45, 78 S.Ct. at 102. All well-pleaded facts and allegations in the plaintiffs' complaint must be taken as true, *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.,* 805 F.2d 732, 733 (7th Cir.1986), and the plaintiff is entitled to all reasonable inferences that can be drawn therefrom. "Furthermore, a complaint is not required to allege all, or any, of the facts logically entailed by the claim.... [A] complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *American Nurses Ass'n v. State of Illinois,* 783 F.2d 716, 727 (7th Cir.1986).

The defendants first contend that plaintiffs' claim for wrongful seizure (Count I) against the Defendant Attorneys must be dismissed. The defendants argue that the plaintiffs are merely seeking recovery for representations made by the Defendant Attorneys in the course of representing their client's legitimate trademark interest in obtaining the Order of Seizure and that these representations are protected under Illinois law. *Miller v. St. Charles Condominium Ass'n,* 141 Ill.App.3d 834, 96 Ill.Dec. 311, 491 N.E.2d 125 (1986). The defendants maintain that an attorney has a conditional privilege in advising and acting on behalf of his client which cannot be attacked absent a showing of malice, or the attorney's desire to harm which is separate and apart from the attorney's desire to protect his client. *See Havoco of America, Ltd. v. Hollowbow,* 702 F.2d 643 (7th Cir.1983) (suit against attorneys for tortious interference with business opportunity).

■ The plaintiffs argue, however, that defendants have ignored the fact that plaintiffs' claim for wrongful seizure is brought pursuant to the federal cause of action created by 15 U.S.C. § 1116(d)(11) and have wrongfully read into this statute a conditional privilege for an attorney accused of obtaining a wrongful seizure. We agree.

When Congress passed 15 U.S.C. § 1116(d), it created an extraordinary remedy, an *ex parte* order authorizing seizure of allged counterfeit marks. However, in creating this section, Congress recognized that the remedy should only be used in extreme circumstances, and Congress expressly required the courts to use extreme caution before issuing a seizure order without first providing the targeted defendant with any measure of due process. The purpose behind such extraordinary action was to provide the plaintiff and the court with an effective weapon against those "fly-by-night" counterfeiters who will, if given notice of court proceedings, dispose of their goods to someone else in the counterfeit network or destroy them to escape legal liability. *See Slazengers Ltd. v. Stoller,* No. 88 C 3722, at 4, 1988 WL 58579 (May 27, 1988) *citing* House Report to Trademark Counterfeiting Act of 1984, Rept. 98–997 p. 15, 98th Congress 2d Session, Sept. 7, 1984.

■ By enacting 15 U.S.C. § 1116(d)(11), Congress provided a means of preventing potential abuse by persons wishing to obtain *ex parte* seizure orders. The section allows recovery by the person who suffered damages by reason of a wrongful seizure where the seizure order was sought in bad faith. Section 1116(d)(11) does not explicitly or implicitly require the plaintiff to show the applicant acted with malice in obtaining the order, even where the applicant was an attorney allegedly acting on his client's behalf. Moreover, this Court believes that to read a malice requirement into the section would thwart its purpose of deterring applicants from requesting the seizure order except where absolutely necessary. Accordingly, no such conditional

privilege recognized by the Illinois courts is applicable to a federal cause of action against an attorney who acted as an applicant for a seizure order in violation of 15 U.S.C. § 1116(d)(11).

■ In Count I, plaintiffs allege that Defendant Attorneys improperly sought and obtained the *Ex Parte* Seizure Order through the use of misleading statements presented to the Court. The Complaint further states that the *Ex Parte* Seizure Order was sought in bad faith in violation of 15 U.S.C. 1116(d)(11). The Court finds that these allegations are sufficient to state a claim against Defendant Attorneys, and consequently, defendants' motion to dismiss Count I is denied.

The defendants next argue that plaintiffs' allegations in Count II fail to state a claim for abuse of process because plaintiffs have failed to allege that the defendants used the Order of Seizure to accomplish a purpose beyond the intended scope of the Order. We agree.

■ In order to state a claim for abuse of process, the plaintiff must allege: 1) the existence of an ulterior purpose or motive for the use of regular court process; and 2) an act in the use of the process not proper in the regular prosecution of the proceeding. *Doyle v. Shlensky*, 120 Ill.App.3d 807, 76 Ill.Dec. 466, 474, 458 N.E.2d 1120, 1128 (1983). "The test for the sufficiency of allegations pertaining to the second element is whether the process has been used to accomplish some result which is beyond the purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not be legally compelled to do." *Id.* at 816, 76 Ill.Dec. 466, 474, 458 N.E.2d 1120, 1128. This second element is essential to maintenance of an action for abuse of process. Therefore, if the process is used only for its intended purpose, no cause of action exists, even if the existence of an ulterior purpose or motive is shown. *Comm. Nat. Bank in Monmouth v. McCrery*, 156 Ill. App.3d 580, 108 Ill.Dec. 696, 698, 509 N.E. 2d 122, 124 (1987).

■ Here, plaintiffs have alleged that an ulterior motive existed for defendants' actions, namely, to obtain a tactical advantage in the underlying trademark infringement litigation and to disrupt plaintiffs' business affairs in order to obtain a competitive advantage. These allegations clearly satisfy the first element in an abuse of process claim. However, the plaintiffs have failed to set forth facts showing that the defendants used the seizure order beyond its intended purpose. The plaintiffs have merely alleged that defendants used the seizure order to obtain jurisdiction, possession and control over the plaintiffs' property. This is the proper use of a seizure order, and thus, the plaintiffs have failed to allege facts sufficient to satisfy the second element of an abuse of process claim. Accordingly, Count II is dismissed.

The defendants next contend that Counts III and IV of plaintiffs' Complaint, which allege trespass to land and trespass to chattle, must be dismissed because the Defendant Attorneys and Defendant Investigators were authorized by the Seizure Order to enter upon plaintiffs' premises and seize certain goods and records. The defendants maintain that such an entry upon land pursuant to court order cannot constitute a trespass.

■ It is true that a party cannot be liable for trespass if acting pursuant to and within the scope of a valid court order. *See e.g. City of Tuscola v. Otto*, 33 Ill.App. 3d 853, 338 N.E.2d 484, 486 (1975). However, a party cannot stand behind a court order which was obtained through the party's own wrongful conduct. Thus, this Court believes that Count III must be dismissed as to the Defendant Investigators because they played no role in obtaining the Order of Seizure from Judge Parsons and they acted pursuant to and within the scope of a facially valid Order of Seizure in seizing certain goods and records. This Court will not, however, dismiss Count III as stated against the Defendant Attorneys. The facts, when taken as true, allege that the Defendant Attorneys wrongfully obtained and executed the Order of Seizure. These allegations are sufficient to state a

claim for trespass to chattle against Defendant Attorneys.

With respect to plaintiffs' claim for trespass to land in Count IV, the Court believes the count should stand against both the Defendant Attorneys and Defendant Investigators. First, for the reason stated in the preceding paragraph, the Court rejects defendants' argument that the Seizure Order immunizes the Defendant Attorneys from liability for trespass to land. In addition, both the Defendant Attorneys and the Defendant Investigators allegedly acted beyond the scope of the Order of Seizure when they remained on the premises without the U.S. Marshals. The *Ex Parte* Order of Seizure provides in pertinent part as follows:

> FURTHER ORDERED, that plaintiff's attorneys and representatives be allowed to accompany the Marshal, or other authorized persons, for the purpose of identifying goods and records subject to this Order;

Thus, the plaintiffs properly state a claim for trespass to land when they allege in Count IV that after the Marshal left the premises, Russell Stoller demanded that the Defendant Attorneys and Defendant Investigators leave the premises and they refused. Accordingly, defendants' motion to dismiss Count IV is denied.

Based on the foregoing discussion, the defendants' Motion to Dismiss is granted in part and denied in part. In addition, defendants' request for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure is denied.