ELECTRONIC LAB SUPPLY CO.

v.

Raymond T. CULLEN, et al.

Civ. A. No. 88–4494.

United States District Court,
E.D. Pennsylvania.

Dec. 30, 1991.

Harold E. Kohn, Kohn, Savett, Klein &
Graf, P.C., and Robert J. Larocca, Philadel-
phia, Pa., for Electronic Lab Supply Co.
and Jack Snyderman.

Patrick W. Kittredge, Philadelphia, Pa.,
for Raymond T. Cullen.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court is the defen-
dants' motion for summary judgment, the
plaintiffs' response and the defendants' re-
ply. For the following reasons the motion
is GRANTED.

### FACTUAL AND PROCEDURAL
### BACKGROUND

The relevant facts are discussed in this
Court's Memorandum dated July 3, 1990,
1990 WL 93983, and need not be repeated
at length here. Briefly, Motorola manufac-
tures and sells electronic equipment and
components, including various integrated
circuits, discrete semiconductors and micro-
processor units. Motorola considers below-
quality semiconductors "scrap material"
and destroys them in order to ensure that
only first-quality semiconductors enter the
market, thereby protecting plaintiff's name
and reputation. From 1980 to the present,
Motorola contracted with plaintiff ELSCO

to remove and destroy the scrap material. Pursuant to this contract, ELSCO purchased the scrap material and agreed to transport it from plaintiff's facilities, promptly destroy it, and send a Certificate of Destruction within 30 days of receiving the material. Believing that ELSCO was not in fact destroying the scrap material but was selling it instead, Motorola brought an action against ELSCO and its president, Jack Snyderman, raising, *inter alia*, claims for trademark violations under the Lanham Act, 15 U.S.C. §§ 1051–1128, conversion and civil conspiracy. Motorola, by and through its attorneys, Cullen, Hauben and Wolfson, the remaining defendants in this case, requested an *ex parte* seizure order under the Lanham Act to seize its goods at ELSCO's warehouse. The Honorable Edmund V. Ludwig granted the *ex parte* order after a hearing. This Court granted summary judgment in favor of the ELSCO on July 3, 1990 on the claims asserted by Motorola. The present action was brought by the defendants in the original action under the wrongful seizure provisions of the Lanham Act. The only remaining defendants are Motorola's attorneys in the original action. Those defendants have now moved for summary judgment on all claims of the plaintiffs, ELSCO and Snyderman.

## DISCUSSION

### A. *Standard*

The purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). When considering a motion for summary judgment, this Court shall grant such motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *White v.*

*Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir.1988). When reviewing a motion for summary judgment, this Court should resolve all reasonable doubts and inferences in favor of the nonmoving party. *Arnold Pontiac–GMC, Inc. v. General Motors Corp.*, 700 F.Supp. 838, 840 (W.D.Pa. 1988).

The inquiry into whether a "genuine issue" of material fact exists has been defined by the Supreme Court as whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "As to materiality, the substantive law will identify which facts are material." *Id.* If the court determines that a material issue of fact remains for the jury to decide, the court cannot grant summary judgment.

### B. *Federal Claims*

The plaintiffs raise three federal claims: a violation of section 1116(d)(11) of the Lanham Act, violation of due process, and a violation of fourth amendment rights. The plaintiffs at page 35 of their response to the motion for summary judgment state that they will not be challenging the constitutionality of the Lanham Act's *ex parte* seizure provisions. This Court's Order of September 20, 1989 allowed the plaintiff to assert these claims only if the plaintiff challenged the constitutionality of the Lanham Act. The plaintiffs have chosen not to do so, and the two constitutional claims are dismissed with prejudice. The only federal claim remaining is the wrongful seizure claim against Motorola's attorneys. 15 U.S.C. § 1116(d)(11). Because this Court holds the term "applicant" in § 1116(d)(11) does not include the attorney of the plaintiff, the section 1116(d)(11) claim is dismissed with prejudice.

Section 1116(d)(11) reads as follows:

A person who suffers damage by reason of a wrongful seizure under this subsection has a cause of action against the applicant for the order under which such seizure was made, and shall be entitled to recover such relief as may be

appropriate, including damages for lost profits, cost of materials, loss of good will, and punitive damages in instances where the seizure was sought in bad faith, and, unless the court finds extenuating circumstances, to recover a reasonable attorney's fee....

Who is covered by the term "applicant" is the issue before this Court. Applicant is not defined in the statute, nor is there any explicit references in the statutory language which would allow the Court to determine who is an applicant without referring to the legislative history and the other statutory provisions. Based upon the interplay of other subsections of section 1116 with 1116(d)(11) and the legislative history which accompanied the bill, this Court holds that Congress did not intend for the attorney of the plaintiff who seeks an *ex parte* order to be considered an "applicant" under section 1116(d)(11).

Before discussing the legislative history, the Court takes note that this issue has not been addressed by the courts previously. The decision of *Skierkewiecz v. Gonzalez*, 711 F.Supp. 931, 934 (N.D.Ill.1989), holding an attorney liable for wrongful seizure as an applicant never discussed who is an applicant under the statute. The court merely makes a conclusory statement that an attorney is an applicant. *Id.* There was no analysis by the court on the issue, and this Court will assume that the argument presented here was not presented before that court. No other court has addressed this issue specifically.[1]

(1) Legislative History

Senate Report No. 98–526 is the primary source of legislative history concerning the amendments to the Lanham Act found in the Comprehensive Crime Control Act of 1984. 1984 WL 37448 (legis. hist.). The committee recognized that by allowing *ex parte* seizure orders, the law would have to provide some way for innocent victims of those orders to obtain redress. This was because the committee recognized that *ex parte* orders were harsh and, if misused, could cause serious problems. A provision requiring the party seeking the order to post a bond was added. Further, "[a]ny party subjected to a wrongful *ex parte* seizure will be able to collect damages from the *party* that sought the seizure." S.R.Rep. No. 98–526, 1984 WL 37448 (LH) pg. 3, U.S.Code Cong. & Admin.News 1984, pgs. 3182, 3629. The Court emphasizes that in this portion of the report Congress appears to imply that the party whose goods were seized has a cause of action against the party who sought the seizure order. No mention is made regarding that an action would also lie against the plaintiff's, here Motorola, attorney. The parties in the original action here were Motorola and ELSCO. Motorola's attorneys could not be considered parties to the original action.

Further on in the Report, the committee uses the term applicant when discussing the dangers of wrongful *ex parte* seizures:

"No such order may be issued unless the court finds a sufficient basis for concluding that the counterfeit goods or certain related materials are located at the place identified in a sworn affidavit provided by the *applicant*, and that the *applicant* will suffer immediate and irreparable injury if the goods or materials are not seized through an *ex parte* order. In addition, the *applicant* will be required to post a bond, in an amount to be determined by the court, to compensate the defendant should the seizure prove to have been wrongfully ordered."

S.Rep. 98–526, pgs. 7–8, U.S.Code Cong. & Admin.News 1984, pgs. 3633–3634. This

1. Courts which have addressed wrongful seizure under the Lanham Act other than this Court and *Skierkewiecz* are as follows: *General Electric Co. v. Speicher*, 877 F.2d 531 (7th Cir.1989); *Major League Baseball Promotions Corp. v. Colour–Tex, Inc.*, 729 F.Supp. 1035, 1047 (D.N.J.1990) (court analyzes what is a wrongful seizure but liability of attorneys not involved); *General Electric Co. v. Speicher*, 681 F.Supp. 1337 (N.D.Ind.1988), affirming, 676 F.Supp. 1421 (N.D.Ind.1988); *Slazenger v. Stoller*, Civil Action No. 88–3722, 1988 WL 87036 (N.D.Ill. August 15, 1988); *Major League Baseball Properties, Inc. v. Crump*, Civil Action No. 4–87–890, 1989 WL 107348 (D.Minn. January 23, 1989). None of these courts have addressed the issue of whether an attorney is an applicant under the Lanham Act's wrongful seizure provisions.

portion of the legislative history indicates that the committee did not consider attorneys to be "applicants". The applicant provides an affidavit which states that the applicant will suffer immediate and irreparable injury. Motorola's attorneys would not have suffered immediate and irreparable harm if the order was not issued, although Motorola allegedly would have. The committee used the term applicant to describe the plaintiff and did not further define or expand the term to include the attorney of the applicant. The applicant is also the person who posts a bond according to the committee. The attorney of an applicant is not required to post a bond, only the applicant must post a bond. This bond provision is then directly tied to the wrongful seizure provisions as a fund from which the defendant can recover. The linkage of the bond provisions and the wrongful seizure provisions with the use of the term applicant indicates the intent of Congress regarding the term "applicant." Applicant means the person who is harmed and seeks the order and who posts the bond. That person is the plaintiff and not the attorney.

The third critical portion of the legislative history is the analysis of the section providing a cause of action for wrongful seizure. The committee refers to party and applicant interchangeably reflecting an intent that an applicant is the plaintiff, a party, and not the plaintiff's attorney.

This provision makes clear that a party seeking an ex parte seizure order must supply the court with affidavits clearly setting forth the reasons why this form of relief is appropriate. In particular, the applicant should explain why it would not be sufficient to issue a temporary restraining order directing the defendant to retain custody of the goods or materials in question, or turn them over to the court. In addition, should the court find that the issuance of an ex parte seizure order is appropriate, the court must then determine the amount of security the applicant must provide to protect the defendant should the seizure prove to have been wrongful ... Should a party's goods be wrongfully seized under this bill, the victim of the wrongful seizure will be entitled to collect damages from the party that applied for the seizure ...

S.Rep. 98–526, pg. 16, U.S.Code Cong. & Admin.News 1984, pg. 3642. The committee uses party and applicant interchangeably. The applicant, who is a party, posts a bond. The defendant may collect damages from a party. There is no reason to imply a more expansive definition of "applicant" when Congress uses "applicant" only when referring to a party. The legislative history of section 1116(d)(11) refers to applicant and party as if they were to be the same person. If Congress had wanted to provide a further right of action against a party's attorney, it could easily have done so with explicit language in the statute. Such a right of action would also have been considered in the legislative history which accompanied the bill, and the report would have mentioned that applicant and party were two different terms. If Congress had not intended for an applicant to include attorney, they would have used applicant and party interchangeably, which is how those terms were used.

This Court is aware that the legislative history of a statute should only be considered where there is some ambiguity, and the intent of Congress cannot be clearly ascertained from the statute alone. Section 1116(d)(11) is not clear on who is to be considered an applicant. The legislative history indicates that Congress used party and applicant interchangeably. Party and applicant are both referred to as the persons who must post a bond and the persons who are ultimately liable for a wrongful seizure. Clearly, the plaintiff, Motorola, is a liable party as an applicant under both the statute and the legislative history. There is no indication in the legislative history that an attorney is also considered an applicant. This interpretation is supported by the continuing reference to an applicant posting a bond. An attorney does not post a bond; the party, Motorola posts the bond. Motorola and not the defendant attorneys is an applicant. The defendant attorneys are not proper defendants under the act.

### (2) Interplay With Other Subsections

Two subsections of section 1116(d) provide further support for not defining applicant to include attorney. 15 U.S.C. 1116(d)(4)(B)(iii) states as follows: "The court shall not grant such an application unless— ... (iii) the applicant is likely to succeed in showing that the person against whom seizure would be ordered used a counterfeit mark...." Applicant in this subsection must mean plaintiff, because the plaintiff is the person who succeeds in litigation. The plaintiff's attorney must show that there is irreparable harm to the plaintiff and that the plaintiff will succeed, not that the attorney will be harmed absent the *ex parte* order. Reading these two subsections together, 1116(d)(4)(B)(iii) and 1116(d)(11), Congress implicitly considers applicant to mean only a party and not the party's attorney.

In subsection 1116(d)(9), Congress distinguishes between an applicant and those acting on the applicant's behalf: "The court shall issue orders, when appropriate, to protect the defendant from undue damage from the disclosure of trade secrets or other confidential information during the course of the seizure, including, when appropriate, orders restricting the access of the applicant (*or any agent or employee of the applicant*) to such secrets or information." A common sense interpretation of this section would consider the applicant the plaintiff. The attorney of the applicant would be considered an agent of the applicant and not the applicant himself. The plaintiff is the person who can most benefit from a review of the trade secrets or confidential information. This subsection covers the applicant's employees and his agents, under which would fall his attorneys. These two subsections, when read in conjunction with section 1116(d)(11) provide insight on who was the person Congress considered to be the applicant. It is the opinion of this Court that the applicant does not include the attorney of the plaintiff. Applicant only refers to the plaintiff who is seeking the *ex parte* order.

Section 1116(d)(11) does not define applicant, the only party liable under the statute. The legislative history of that subsection and the use of applicant in other subsections provide the Court with a sufficient basis to conclude that Motorola's attorneys are not applicants under the wrongful seizure provision. If Congress had wanted to expand the liability of an attorney beyond that which already exists under Fed.R.Civ. Pro. 11, then an explicit reference to such liability would be present in the statute or the legislative history. Instead of an explicit reference to attorney liability, the legislative history explicitly refers to applicant as party. Therefore, an attorney is not a proper defendant in a wrongful seizure action under 15 U.S.C. § 1116(d)(11). There being no genuine issue of material fact, the Court grants defendants' motion for summary judgment as to Count I of the Complaint.

### C. *State Law Claims*

■ This Court originally had jurisdiction over the case under federal question jurisdiction, 28 U.S.C. § 1331. The Court had jurisdiction over the state law claims pursuant to the doctrine of pendent jurisdiction. Once all federal claims have been dismissed from a case, "the case simply does not belong in federal court." *Lovell Manufacturing v. Export–Import Bank of the United States*, 843 F.2d 725, 734–35 (3d Cir.1988). Absent extraordinary circumstances a district court has no jurisdiction to hear claims lacking an independent federal basis of jurisdiction. *Id.* at 735. State claims should be dismissed especially if the federal claims are resolved before trial. *Id.* at 734.

The plaintiffs have asserted three state law claims against the defendants, trespass, tortious interference with contract, and a violation of the Dragonetti Act. The Court will not make any determination of the viability of these claims as all federal claims have been dismissed. The Court's only basis of jurisdiction was 28 U.S.C. § 1331 and pendent claim jurisdiction.[2]

---

**2.** There is no basis for diversity jurisdiction as both of the plaintiffs and all of the defendants are residents of Pennsylvania. (Second Amended Complaint, ¶ 2–¶ 10).

That basis of jurisdiction no longer exists. A Pennsylvania court should hear the claims arising under Pennsylvania law among Pennsylvania parties.

 The federal claims here were dismissed before trial. There is no independent basis for retaining jurisdiction over the state law claims. Pennsylvania law allows a federal court to transfer a case to a state court where the federal court has dismissed the matter for lack of jurisdiction. 42 Pa.Cons.Stat.Ann. § 5103(b)(1) (Purdon Supp.1991). The United States Court of Appeals for the Third Circuit has approved of this procedure for transferring cases from federal court to state court. *Weaver v. Marine Bank*, 683 F.2d 744, 746–47 (3d Cir.1982). The Third Circuit held that the state could authorize transfer of cases even though Congress had not spoken on the issue by analogy to procedures adopted by states for certifying questions of state law. *Id.* at 747–48. Where the pendent state law claims are all that remain transfer is proper under § 5103(b). *Id.* at 746; *Perkins v. City of Philadelphia*, 766 F.Supp. 313, 318 n. 1 (E.D.Pa.1991). The purpose of the Pennsylvania statute is to ameliorate the hardship on litigants who inadvertently file their action in the wrong place. *McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 430 (3d Cir.1983).

No federalism problem exists because the transfer is effectuated by the plaintiff's own actions under § 5103(b)(2). *McLaughlin*, 721 F.2d at 430–31. The district court needs only to dismiss the claims, and § 5103(b) preserves the claims for adjudication in the state court. *Id.* The Court will dismiss the plaintiff's state law claims without prejudice and allow them to transfer the matter to the appropriate Court of Common Pleas. An appropriate Order follows.

### FINAL JUDGMENT

AND NOW, this 30th day of December, 1991, upon consideration of the Defendants' Motion for Summary Judgment, the Plaintiffs' response, and Defendants' reply, IT IS HEREBY ORDERED that the Defendants' Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that:

(1) Counts I, II, and V of the Plaintiff's Complaint are DISMISSED WITH PREJUDICE.;

(2) Counts III, IV, and VI [1] are DISMISSED WITHOUT PREJUDICE; and

(3) Plaintiffs are permitted to transfer the matter to the appropriate Court of Common Pleas pursuant to 42 Pa.Cons. Stat.Ann. § 5103(b).

---

1. Count VI is the plaintiff's claim under the Dragonetti Act which this Court by Order of this date allowed as an amendment to the Second Amended Complaint.