ELECTRONIC LABORATORY SUPPLY
COMPANY, INC., et al.

v.

MOTOROLA, INC., et al.

Civ. A. No. 88–4494.

United States District Court,
E.D. Pennsylvania.

Feb. 11, 1992.

Harold E. Kohn, Kohn, Savett, Klein & Grof P.C. and Robert J. Larocca, Philadelphia, Pa., for plaintiffs.

Patrick W. Kittredge, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before the Court is the plaintiffs' motion for reconsideration, the defendants' response and the plaintiffs' reply. The relevant facts are discussed in this Court's Memoranda dated July 3, 1990 and December 30, 1991. 782 F.Supp. 1016. The plaintiffs ask the Court to reconsider the Court's grant of summary judgment to the defendants on the ground that the Court failed to consider the potential aider/abettor liability of the defendants. For the following reasons, the plaintiffs' motion is DENIED.

The United States Court of Appeals for the Eighth Circuit, in reviewing aiding and abetting liability for attorneys in a securities law case, stated the following:

> "Attorneys are intimately involved in many, if not most, transactions involving securities. Because of this, we will not easily find actions routinely engaged in by lawyers associated with these types of transactions to constitute substantial assistance without a greater showing of scienter."

*Camp v. Dema*, 948 F.2d 455, 464 (8th Cir.1991). The court required a "conscious intent to substantially assist a securities law violation" before allowing aiding and abetting liability as to an attorney. *Id.* This Court takes a similar cautious approach in determining whether secondary liability is available against attorneys who represented a client which seized goods from the plaintiff under Section 34 of the Lanham Act. The Court will first address whether aiding and abetting is a viable theory of liability against an attorney under Section 34(d)(11) of the Lanham Act.

The previous opinion of this Court set forth in detail why an attorney was not included in the definition of "Applicant" as that term is used in the wrongful seizure provisions. The Court's analysis depended not only on the legislative history of the statute, but also upon the structure of the statute itself[1]. The Court held that "Applicant" was not intended to include the attorney for the applicant. There is no express language in the statute providing for participant liability. Nor is there any language in the legislative history which would indicate that there would be participant liability.

The United States Court of Appeals for the Third Circuit has developed a framework for determining whether aiding and abetting is a viable theory of civil recovery under a federal statute. *Petro–Tech, Inc. v. Western Company of North America*, 824 F.2d 1349 (3d Cir.1987). The court followed the approach developed by the Supreme Court with regard to antitrust cases. *American Society of Mechanical Engineers, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 102 S.Ct. 1935, 72 L.Ed.2d 330 (1982). These cases considered the intent of Congress in enacting the statute and whether aiding and abetting liability would advance that intent. *Id.* at 570, 102 S.Ct. at 1944; *Petro–Tech*, 824 F.2d at 1357–58. The Supreme Court in *Hydrolevel* stated with regard to the antitrust statutes: "we can honor the statutory purpose best by interpreting the antitrust private cause of action to be at least as broad as plaintiff's right to sue for analogous torts, absent indications that the antitrust laws are not intended to reach so far." 456 U.S. at 569, 102 S.Ct. at 1944.

In *Petro–Tech* the Third Circuit considered whether aiding and abetting liability was available under the civil RICO statute based upon common law aiding and abetting theory.[2] 824 F.2d at 1357 & n. 9.

---

1. The Court recognizes that caution must be exercised when using legislative history to interpret a statute. *Union Bank v. Wolas*, —— U.S. ——, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991) (Scalia, J., concurring). The Court in its prior opinion relied on the plain meaning and structure of the statute and found that the legislative history supported the reasoning of the Court. The legislative history which the Court cites in the prior opinion and in this opinion supports the intent of the statute present in its structure and language, but is not the primary source of the Court's interpretation, only further evidence of it.

2. The *Petro–Tech* court stated the common law theory as follows:

> The doctrine also has a civil common law application. The Restatement (Second) of Torts § 876(b) holds that liability "[f]or harm

The court considered the purpose of RICO in allowing injured victims to recover from the racketeer. *Id.* at 1357. The court also looked at the structure of RICO and found that there was liability for aiding and abetting on the criminal side. *Id.* In addition, a party could aid or abet a predicate offense and be liable as if that party was the principal establishing RICO liability as to that party. *Id.* The court found that in some provisions of RICO, aiding and abetting was not available because it would interfere with the intent of Congress. *Id.* at 1358–59. The court further stated that a detailed analysis of the support for each count in the complaint was necessary before a determination was made as to the applicability of aiding and abetting liability. *Id.* at 1358.

This Court analyzed Section 34(d)(11) of the Lanham Act in detail in its prior opinion.[3] The Court reviewed the structure and language of the statute as well as its legislative history. The intent of Congress was clear as was the purpose of the statute. The Applicant was the liable party for wrongful seizure under the Act. The Court found no intent to expand that liability to the attorney of the applicant. Congress is aware of the ability of courts to sanction attorneys who act in bad faith. The Court must assume that if the Congress intended to make attorneys liable for acts as an attorney, Congress would have done so explicitly. Aiding and abetting expands the reach of Section 1116(d)(11) beyond that intended by Congress. The Court cannot legislate into the statute additional liable parties through common law aiding and abetting those parties which Congress has declined to include. The Court has determined that, in accordance with *Hydrolevel*, Congress has not indicated an intent for such a broad construction of liability. 456 U.S. at 569, 102 S.Ct. at 1944.

Wrongful seizure under the Lanham Act is not similar to the statutory causes of action for which aiding and abetting liability is available. The securities laws are based upon common law principles of fraud, a tort for which aiding and abetting was a theory of liability. The RICO statute is based upon civil liability for criminal acts which have always permitted aiding and abetting. *Petro–Tech*, 824 F.2d at 1358. Section 34(d) of the Lanham Act allows *ex parte* seizure of counterfeit goods, something not available under the common law, and also provides a cause of action for wrongful seizure. The conduct actionable under 1116(d)(11) differs in its nature from the conduct actionable under RICO or the securities law.

Based upon the intent of Congress in enacting Section 1116(d)(11) as found in the Court's prior opinion and the Court's determination that aiding and abetting liability will not advance the purposes of Section 1116(d)(11), the Court holds that aiding and abetting is not a viable theory of liability under Section 1116(d)(11). The Court makes that determination following the framework established by the Supreme Court in *Hydrolevel* and the Third Circuit in *Petro–Tech*. Accordingly, the plaintiffs' motion for reconsideration is DENIED.

---

resulting to a third person from the tortious conduct of another ... [can be imposed upon a party who] (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so as to conduct himself."
824 F.2d at 1357. The issue before the court in *Petro–Tech* and the Court today, is not whether

this standard of conduct has been met, but whether this standard may be applied to Section 34(d)(11) of the Lanham Act.

**3.** The Court incorporates by reference the analysis contained in the Court's prior opinion in support of the Court's interpretation of the intent of Congress.